MICHAEL DESHUN CARRUTHERS,      )
                                )
              Plaintiff,         )
                                )
         v.                      )     No. 1:06-CV-103(LMB)
                                )
FRED W. COPELAND, et al.         )
                                )
              Defendants.        )

## MEMORANDUM AND ORDER

This matter is before the Court on the application of Fred W. Copeland (Reg. No. 1102835), an inmate at the Northeast Correctional Center (NECC), for leave to commence this action without payment of the required filing fee [Doc. #1]. For the reasons stated below, the Court finds that the applicant does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.50. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1) a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's

account; or (2) the average monthly balance in the prisoner's account for the prior six month period. <u>See</u> 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. <u>See</u> 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. <u>Id.</u>

Applicant has submitted an affidavit and a certified copy of his prison account statement for the six month period immediately preceding the submission of his complaint. <u>See</u> 28 U.S.C. § 1915(a)(1),(2). A review of applicant's account statement indicates an average monthly deposit of $7.50, and an average monthly account balance of $0.10. Applicant has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $1.50, which is 20 percent of applicant's average monthly balance.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an

arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief may be granted if it appears beyond reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957); <u>Jackson Sawmill Co. v. United States</u>, 580 F.2d 302, 306 (8th Cir. 1978), <u>cert.</u> <u>denied</u>, 439 U.S. 1070 (1979).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction.  <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972).   The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.  <u>Denton v. Hernandez</u>, 112 S. Ct. 1728, 1733 (1992); <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974).

**The complaint**

Liberally construing the complaint, plaintiff seeks immediate release from confinement and monetary damages stemming from his confinement.  Named as defendants are Fred W. Copeland, Michael Hazel, Tommy Greenwell and Matt Blunt.

In the complaint, plaintiff admits participating in the theft of a vehicle from Memphis, Tennessee, and traveling in the stolen vehicle to Missouri where he was arrested.  Plaintiff subsequently pleaded guilty to tampering with a motor vehicle and was sentenced. Plaintiff challenges the validity of this conviction and sentence.

## Discussion

Plaintiff's complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff's sole federal remedy for seeking immediate release from confinement is a federal writ of habeas corpus, not a civil action. <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 500 (1973) (holding that sole federal remedy for a state prisoner seeking immediate release is a federal writ of habeas corpus). Even if the Court construed the instant action as seeking a writ of habeas corpus, it appears that petitioner has not exhausted his available state remedies - a prerequisite to seeking a federal writ of habeas corpus. <u>See</u> 28 U.S.C. § 2254. Therefore, to the extent that plaintiff seeks a writ of habeas corpus from this Court, the Court will dismiss the instant action without prejudice.

To the extent that plaintiff seeks damages stemming from his confinement, the Court will dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff cannot maintain a civil action to recover damages from an allegedly illegal confinement unless and until the order authorizing his confinement is overturned or expunged in an appropriate proceeding. <u>See</u> <u>Heck v. Humphrey</u>, 512 U.S. 477, 486-87 (1994). Because it is clear from the complaint that plaintiff's conviction has not been overturned or expunged, the instant action is barred by <u>Heck</u>.

Furthermore, defendant Hazel (the prosecuting attorney) is absolutely immune from liability for damages under 42 U.S.C. § 1983 for actions taken in presenting the state's case. <u>Imbler v. Pachtman</u>, 424 U.S. 409, 431-32 (1976); <u>White v. Bloom</u>, 621 F.2d 276, 280 (8th Cir. 1981) (same holding in suit brought under §§ 1983 and 1985); <u>see</u> <u>also</u> <u>Myers v. Morris</u>, 810 F.2d 1437, 1446 (8th Cir. 1987) (allegations that prosecutor presented false testimony or withheld evidence do not defeat immunity). Defendant Copeland is absolutely immune from a § 1983 suit for damages for actions taken in his judicial capacity. <u>Stump v. Sparkman</u>, 435 U.S. 349, 356-57 (1978).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #1] is **DISMISSED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial partial filing fee of $1.50 within thirty (30) days from the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint

5

is legally frivolous or fails to state a claim upon which relief may be granted or both.  <u>See</u> 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this memorandum and order.

Dated this <u>  16th  </u> day of November, 2006.


<u>_____</u>
**UNITED STATES DISTRICT JUDGE**